IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

SALVADOR VICENT LEMUS ALVARADO  
3023 Westlawn Place  
Falls Church, Virginia 22042  

And  

FRANZ DARIO TAPIA JUSTINIANO  
5111 8th Road S., Apt. 305  
Arlington, Virginia 22204  

    Plaintiffs,  

v.  

LIKE NEW AUTOMOTIVE, LLC  
1121 W. Broad Street  
Falls Church, Virginia 22046  
    Serve Registered Agent:  
    Daniel Nannucci  
    8500 Leesburg Pike, Suite 203  
    Vienna, Virginia 22182  

and  

Daniel Nannucci  
8500 Leesburg Pike, Suite 203  
Vienna, Virginia 22182  

    Defendants.  

Civil Action No.

## COMPLAINT

Plaintiffs, Salvador Vicent Lemus Alvarado and Franz Dario Tapia Justiniano ("Plaintiffs"), by and through their attorneys, Mary Craine Lombardo, Eduardo S. Garcia and Stein Sperling Bennett De Jong Driscoll PC, hereby file their Complaint against Like New Automotive, LLC and Daniel Nannucci (collectively "Defendants"), under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA") and for breach of contract, stating as follows:

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

5031286_1

## INTRODUCTION

Plaintiffs worked for Defendants as laborers. Plaintiffs were paid at the same regular hourly rate for all hours worked. Plaintiff Lemus Alvarado worked approximately fifty-seven hours per week and was never paid at the overtime rate of one and a half times his regular hourly rate for all hours in excess of forty as required by federal law. Defendants also withheld commission wages that they had agreed to pay Plaintiffs. Defendants have willfully violated the clear and well-established minimum wage and overtime provisions of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA") and breached their contract with Plaintiffs. Plaintiffs seeks compensatory and statutory damages for all unpaid overtime compensation, commissions, as well as attorneys' fees and costs.

## JURISDICTION & VENUE

1. This Court has subject matter jurisdiction over the causes of action alleged in this Complaint pursuant to 28 U.S.C. §§ 1331 and 1367, and 29 U.S.C. § 216.

2. Venue is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

3. Plaintiffs are adult residents of Virginia.

4. Defendant Like New Automotive, LLC ("Like New") is a Virginia limited liability company and Daniel Nannucci (the "Individual Defendant") is the principal of Like New.

5. At all times material herein, Defendants, in the aggregate and as a single enterprise, had annual gross volume of sales made or business done in an amount exceeding $500,000.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

6. Defendants have at least two or more employees who are engaged in interstate commerce and/or handle, sell, or otherwise work on goods or materials that have been moved or produced for commerce. Defendants also process credit card transactions for customer payments and purchase equipment and inventory that move in interstate commerce.

7. At all times relevant, Defendants constituted an "enterprise" within the meaning of 29 U.S.C. § 203(r).

8. The Individual Defendant controlled the day to day operations of the business.

9. The Individual Defendant had the power to hire, fire, suspend, and discipline Plaintiffs.

10. The Individual Defendant supervised Plaintiffs directly or indirectly.

11. The Individual Defendant directly or indirectly set and controlled Plaintiffs' work schedule or had the power to do so.

12. The Individual Defendant directly or indirectly set and determined the rate and method of Plaintiffs' pay or had the power to do so.

13. Federal courts have made clear that individual employers are liable under FLSA, if the employer met the economic reality test for "control." *Chao v. Mid-Atlantic Installation Services, Inc.*, 16 Fed Appx. 104 (2001).

14. The Individual Defendant would be considered Plaintiffs' employer for purposes of individual liability because of his intrinsic involvement in the business

## FACTS

15. Plaintiff Lemus Alvarado was employed by Defendants for approximately eight years, ending on or about May 27, 2016.

16. Plaintiff Lemus Alvarado was paid at a regular hourly rate of $13.00.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

17. Plaintiff Lemus Alvarado worked approximately fifty-seven hours per week and was never compensated at the required overtime rate of one and one half times his regular hourly rate for those hours worked over forty hours per week.

18. For a period of time, Defendants agreed to also pay Plaintiff Lemus Alvarado on a commission basis rather than an hourly basis.

19. Plaintiff Lemus Alvarado performed jobs for Defendants and was not compensated for the work

20. Plaintiff Lemus Alvarado is owed approximately $4,862.00 in unpaid overtime wages and $2,200.00 in unpaid commissions.

21. Plaintiff Tapia Justiniano was employed by Defendants from April 1, 2016 through May 27, 2016 (the "Employment Period").

22. Plaintiff Tapia Justiniano was paid at a commission/piecework rate.

23. Plaintiff Tapia Justiniano was not paid for approximately 220 hours of work.

24. Plaintiff Tapia Justiniano is owed approximately $4,100.00 in unpaid commissions, *alternatively*, he is owed $1,595.00 in unpaid minimum wages.

25. Plaintiff is owed overtime and minimum wages that Defendants willfully failed and refused to pay to Plaintiff in violation of federal law.

26. By statute, Defendants are required to maintain records which document the number of days Plaintiff worked. *See* 29 U.S.C. §211(c).

27. The precise number of hours worked, and wages owed, should be revealed through discovery.

28. Defendants knowingly and intentionally violated Plaintiff's rights under Maryland and federal law.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

## COUNT I
## (FLSA)

29. Plaintiffs adopt herein by reference paragraphs 1 through 28 above as if fully set forth herein.

30. At all times relevant hereto, each Defendant was an "employer" within the meaning of the FLSA. 29 U.S.C. § 203(d).

31. Defendants were engaged in "interstate commerce" within the meaning of the FLSA.

32. Each Plaintiff was an "employee" within the meaning of the FLSA.

33. Defendants were required to pay Plaintiff a minimum wage of $7.25 per hour. *See* 29 U.S.C. § 206(a)(1)(c).

34. Plaintiff Tapia Justiniano was paid below the required minimum wage throughout the Employment Period.

35. Defendants were required to pay Plaintiffs compensation at the rate of one and a half times their regular hourly rate for all hours worked in excess of forty hours per week. *See* 29 U.S.C. § 207(a)(2).

36. Throughout the Employment Period, Defendants failed to compensate Plaintiff Lemus Alvarado at the rate of one and a half times his regular hourly rate for all hours worked in excess of forty hours per week.

37. Defendants' actions complained of herein constitute a willful violation of Sections 206 and 207 of the FLSA.

38. Defendants' violation make them liable to Plaintiffs for all unpaid minimum wages, all unpaid overtime compensation, and an additional equal amount as liquidated damages.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

WHEREFORE, Plaintiffs respectfully request that this Honorable Court enter judgment against Defendants, jointly and severally, and in their favor in an amount to be determined at trial, but not less than $12,914.00, which is two times the total minimum wages and overtime compensation owed, reasonable attorneys' fees and costs, and such other and further relief as the Court deems just and proper.

## COUNT II
### (Breach of Contract)

39. Plaintiffs adopt herein by reference paragraphs 1 through 28 above as if fully set forth herein.

40. For a period of time Defendants agreed to pay Plaintiffs on a commission basis.

41. Plaintiffs performed all of their duties related to obtaining those commissions.

42. Defendants failed to pay Plaintiffs any compensation for the period of time that they were paid on a commission basis.

43. Plaintiffs were damaged by Defendants' failure to not pay Plaintiff at the required commission basis.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court enter judgment against Defendants, jointly and severally, and in their favor in an amount to be determined at trial, but not less than $6,300.00 which is two times the total commissions owed, to grant Plaintiffs their reasonable attorneys' fees and costs, and such other and further relief as the Court deems just and proper.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301·340·2020

Respectfully submitted,

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC


By:     <u>/s/ *Mary Craine Lombardo*</u>
        Mary Craine Lombardo (77768)
        25 West Middle Lane
        Rockville, Maryland 20850
        (301) 340-2020
        (301) 354-8126 – fax
        mlombardo@steinsperling.com
        *Attorneys for Plaintiff*

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020